NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAY MAR, for Anthony Mar (deceased), | No.   19-56147 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01015-W-JLB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted February 4, 2021**
Pasadena, California

Before:  GOULD, LEE, and VANDYKE, Circuit Judges.

Appellant Bay Mar ("Appellant") appeals the district court's affirmance of the

denial of Anthony Mar's ("Claimant") social security benefits.  Because the parties

are familiar with the facts and procedural history of the case, we recite only those

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

facts necessary to decide this appeal. We have jurisdiction of this appeal under 28 U.S.C. § 1291, and we affirm.

In 2014, Anthony Mar applied for Disability Insurance Benefits under Title II of the Social Security Act ("Act"). His application was initially denied, and it was denied again on reconsideration. Claimant died in July 2016. Since then, his wife, Bay Mar, has continued to pursue the matter. In April 2017, the ALJ determined Claimant was not disabled under the Act. In March 2018, the Appeals Council denied Appellant's request for administrative review.

Seeking judicial review, Appellant brought an action in the United States District Court for the Southern District of California. A magistrate judge issued a report and recommendation recommending the district court affirm the Commissioner's decision. The district court adopted the report and recommendation. This appeal followed.

"On judicial review, an ALJ's factual findings . . . [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (citation and quotation marks omitted). The substantial evidence threshold "is not high," *id.* at 1154, and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1157. The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). Under longstanding precedent, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

For the following reasons, we affirm the decision of the district court. First, the ALJ did not err by not considering Claimant's post-2014 medical records. The ALJ considered all the evidence of medical impairments, dated before and after 2014.

Second, the ALJ did not err in its consideration of Claimant's mental functioning. The ALJ considered the medical opinions supporting Claimant's position, and gave legitimate reasons, supported by substantial evidence, for the ALJ's conclusion that these opinions deserved less than full weight and did not prove that Claimant had a severe mental impairment. Substantial evidence supports the ALJ's analysis of the opinions of Dr. Henderson and Dr. Lessner, and the ALJ properly resolved conflicting evidence to find that Claimant did not have a severe mental impairment.

Third, the ALJ properly considered Claimant's physical functioning. The ALJ properly considered Dr. Lin's letter discussing Claimant's vision. The ALJ also properly used a medical expert to help transform visual acuity measurements in Claimant's treatment notes into specific functional limitations. The ALJ also properly considered Dr. Gelber's testimony. The ALJ properly evaluated the evidence arising from the physicians concerning Claimant's physical limitations. Appellant has not shown error.

Fourth, the ALJ did not err by discounting Claimant's testimony and Appellant's lay testimony. The ALJ properly analyzed the statements of Claimant and of Appellant. And the ALJ gave valid reasons for concluding that these statements deserved less than full weight. Appellant has not identified any error, and the ALJ's finding is supported by substantial evidence.

Fifth, the ALJ properly obtained and interpreted testimony from the vocational experts. The record shows that the ALJ gave Appellant the opportunity to develop vocational evidence favorable to her case. Further, the ALJ held a second hearing to allow for medical expert testimony at Appellant's request.

Even more, Appellant's argument that the ALJ should have included further limitations in the hypothetical questions posed to the vocational expert ("VE") is incorrect. Substantial evidence supports the limitations in the RFC, and the ALJ properly asked the VE to consider a hypothetical person with those limitations.

**AFFIRMED.**